Fang v. Wilkinson

BIA
Lamb, IJ
A073 552 824

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty-one.

PRESENT:
>  ROSEMARY S. POOLER,
>  ROBERT D. SACK,
>  MICHAEL H. PARK,
>    *Circuit Judges.*

_____

XIN JING FANG,
>    *Petitioner,*

>  v.                                    18-2691
>                                         NAC

ROBERT M.WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,[1]
>    *Respondent.*

_____

FOR PETITIONER:            John Chang, Esq., New York, NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting
                           Assistant Attorney General; Holly

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)((2), Robert M. Wilkinson is automatically substituted as Respondent.

M. Smith, Kohsei Ugumori, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xin Jing Fang, a native and citizen of the People's Republic of China, seeks review of an August 16, 2018, decision of the BIA affirming an August 22, 2017, decision of an Immigration Judge ("IJ") denying Fang's untimely motion to reopen. *In re Xin Jing Fang,* No. A 073 552 824 (B.I.A. Aug. 16, 2018), *aff'g* No. A 073 552 824 (Immig. Ct. N.Y. City Sept. 18, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion and the agency's determination of country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Fang's 2014 motion to reopen was untimely because she filed it more than 18 years after she accepted a

2

final order of voluntary departure in 1996. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for motions to reopen); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1) (same). While Fang argues for exceptions to this deadline based on ineffective assistance of counsel and changed conditions in China, we find no error in the BIA's conclusion that she did not satisfy either exception.

Ineffective assistance of counsel may equitably toll the time limitation on a motion to reopen if the movant has exercised "due diligence" in pursuing the claim. *See Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). The movant "is required to exercise due diligence both before *and* after [s]he has or should have discovered ineffective assistance of counsel." *Id*. at 132. "[T]here is no period of time which . . . is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling—or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The BIA did not abuse its discretion in concluding that Fang failed to establish due diligence throughout the entire 18-year period she sought to toll. *See Ke Zhen Zhao v. U.S.*

3

*Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." (citations omitted)). Fang claimed to have consulted at least ten law offices from 1997 to 2014; however, she submitted nothing to corroborate her statement that she had these consultations, and she stated that the lawyers declined to assist her but gave no detail about what information she gave them or what was discussed. Given Fang's minimal evidence and detail and the length of time she sought to toll, the BIA reasonably determined that Fang had not shown diligence. *See Jian Hua Wang*, 508 F.3d at 715 (observing that reasonableness of delay must be assessed "under the circumstances").

The time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has

been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4). The agency did not err in finding that Fang failed to demonstrate a change in conditions because her motion and country conditions evidence cited only one incident in China—the 2014 demolition of a large, government-sponsored church. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). Fang did not submit any evidence of the conditions for Christians in China at the time of her 1996 hearing before the IJ, and the BIA reasonably concluded that the demolition of one church was not sufficient to establish a change particularly where Fang did not allege that she intended to attend a church of similar size or prominence. *See id.; see also Jian Hui Shao*, 546 F.3d at 157–58 ("[W]hen a petitioner bears the burden of

5

proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court